

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY ANTHONY SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04 C 5803 |
| ) | |
| WAUKEGAN SCHOOL DISTRICT #60, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Waukegan School District # 60's ("School District") motion to dismiss. For the reasons stated below, we grant the School District's motion to dismiss.

## BACKGROUND

Plaintiff Gregory Anthony Smith ("Smith") alleges that the School District discriminated against him because of "[his] arrest record." (P.'s Compl. 3). Smith maintains that he received a Notice of Right to Sue ("right to sue notice") from the

Equal Employment Opportunity Commission ("EEOC") on May 7, 2004. *Id.* Smith's right to sue notice informed Smith that "[h]e [had] the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq." (Compl. Attach.). Smith's right to sue notice also stated that "[i]f [Smith] chose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of [Smith's] receipt of this Notice." *Id.*

On September 3, 2004, Smith filed a complaint of employment discrimination with this court and the School District subsequently filed a motion to dismiss. After we granted Smith leave to respond to the School District's motion to dismiss, Smith filed a one page letter with several attached documents. Inasmuch as Smith is proceeding *pro se*, we will construe his letter and his attachments as his response to the School District's motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Highs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

It is well settled that "[a] civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill*

3

*v. Moore U.S.A., Inc.* 269 F.3d 848, 849-50 (7th Cir. 2001)(citing 42 U.S.C. § 2000e-5(f)(1)). In addition, "[t]he 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." *See id.* (quoting *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984)). However, equitable tolling may be appropriate where a claimant "has been prevented in some extraordinary way from filing his complaint in time." *See. id.* (quoting *Jones,* 744 F.2d at 1314.).

Since Smith maintains that he received his right-to-sue notice on May 7, 2004, Smith had until August 5, 2004 to timely file his complaint. Smith filed his complaint on September 3, 2004, which was 29 days after the August 5, 2004 deadline. Smith has not argued that equitable tolling should excuse the untimeliness of his filing and there are no reasons to warrant equitable tolling in this case. Smith submitted documents that make vague references to his medical conditions over the past few years. However, such documents fail to sufficiently establish that Smith was "prevented in some extraordinary way" from filing his complaint within the 90 day limitations period. *Jones,* 744 F.2d at 1314. Further, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *See Threadgill,* 269 F.3d at 851 (quoting *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). Accordingly, we find that Smith's complaint

is untimely. Therefore, we grant the School District's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the School District's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 17, 2005